JAMES MARSH *v.* JODONNA SCALA-MARSH
(AC 29509)

Beach, Robinson and Schaller, Js.

Argued September 11—officially released December 15, 2009

*William F. Gallagher*, for the appellant (defendant).

*Steven D. Ecker*, with whom, on the brief, were *Gavan F. Meehan* and *Alinor C. Sterling*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, JoDonna Scala-Marsh, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, James Marsh. The defendant claims that she was prejudiced by the court's financial orders in that the court improperly distributed the property of the parties. We affirm the judgment of the trial court.

The record discloses the following pertinent facts and procedural history. In a memorandum of decision filed December 7, 2007, the court rendered judgment dissolving the parties' twenty year marriage and entered orders regarding the division of the parties' real and personal property, time limited periodic alimony for the defendant, and the custody, care and maintenance of the parties' two minor children. A third child, no longer a minor, attends college. In fashioning its orders, the

court found, inter alia, that both parties were practicing physicians and that both worked limited hours. The court further found that the parties together had purchased their marital home in Guilford as a "shell" and that the plaintiff alone had performed many hours of work on the home and landscaping. The parties stipulated that the value of the home was $552,000 and that the equity was $374,500. The parties also owned a seasonal home on Money Island, part of the Thimble Islands in Long Island Sound near Branford, which had a stipulated value of $450,000, and a timeshare in Cancun, Mexico, with a stipulated value of $15,000. The plaintiff had inherited from family members two pieces of real estate in Michigan, as well as money, and the defendant had inherited money from her mother. In addition, the court found that the defendant had funds in an " 'irrevocable trust,' " which she established using funds originally received from her father prior to the marriage.

On appeal, the defendant claims that the court improperly (1) failed to award her "compensating assets" to offset its award to the plaintiff of the marital home and the summer home, (2) failed to consider adequately her noneconomic contributions to the marriage and to the acquisition of the marital home and (3) failed to classify her irrevocable trust as an inheritance.

The defendant's claims implicate two standards of review. To the extent that the defendant challenges the court's factual findings, our function is to determine whether the court's findings were clearly erroneous. *Hannon* v. *Redler*, 117 Conn. App. 403, 406, 979 A.2d 558 (2009). Additionally, to the extent that the defendant claims that the court's orders flowing from its findings were improper, we review those orders to determine whether the court abused its discretion. Id.

On the basis of our review of the record, we find no support for the defendant's claim that the court's factual

findings were erroneous. In each instance, the record reveals an evidentiary basis from which the court could have correctly made its factual determinations. Similarly, the court's comprehensive and well reasoned memorandum of decision reflects that the court properly and adequately considered all relevant criteria in fashioning its orders. We conclude that the court's orders did not constitute an abuse of discretion. Accordingly, the defendant's claims must fail.

The judgment is affirmed.